UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            -v.-<br><br>EDWIN BROWN,<br><br>                              Defendant. | 17 Cr. 710 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On August 16, 2018, the Court entered a Judgment of conviction and sentenced Defendant Edwin Brown to a term of imprisonment of forty-four months. (Dkt. # 54). Subsequently, on June 1, 2020, Defendant filed an uncounseled motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A), seeking the reduction of his sentence to time-served in light of the risk posed by the COVID-19 pandemic at the facility in which he was incarcerated. (Dkt. #59). Thereafter, on July 19, 2020, counsel for Defendant filed a letter supplementing his motion for compassionate release. (Dkt. #64).[1] On June 25, 2020, the Government filed a letter in opposition to Defendant's motion, asserting that Defendant had not demonstrated extraordinary and compelling reasons justifying his release. (Dkt. #66). Thereafter, on July 10, 2020, Defense counsel filed a reply submission in further support of Defendant's motion. (Dkt. #70). In the ensuing months, the parties filed

---

[1]   Defendant previously filed a motion to withdraw his defense counsel for the purpose of his compassionate release motion. (Dkt. #60). However, defense counsel represented in her supplemental letter that she had communicated with Defendant, who authorized her to file a submission on his behalf in connection with his motion for compassionate release. (Dkt. #64 at 1 n.1).

several supplemental submissions updating the Court on Defendant's conditions of confinement.[2]

The Court has learned that Defendant was recently released from imprisonment at FCI Coleman Low. The only relief sought by Defendant in his motion for compassionate release is a reduction in his sentence to time served, on the basis that his conditions of confinement placed him at a greater risk of contracting COVID-19 and experiencing serious medical complications. (*See, e.g.*, Dkt. #64, 75). As he has now been released from FCI Coleman Low, he is no longer subject to the conditions of confinement described in his motion. As a consequence, Defendant's motion for compassionate release has become moot. *See, e.g.*, *United States* v. *Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021) (finding compassionate release motion to be moot where defendant completed his prison sentence, rendering court incapable of granting requested relief).

Accordingly, Defendant's motion for compassionate release is hereby DENIED as moot. The Clerk of Court is directed to terminate the pending motions at docket entries 59, 60, 64, and 83.

SO ORDERED.

Dated:   April 1, 2022
         New York, New York

                                                              KATHERINE POLK FAILLA
                                                              United States District Judge

---

[2] These include: Defendant's submissions of July 16, 2020, August 7, 2020, August 13, 2020, and May 28, 2021 (Dkt. #72, 73, 75, 80); and the Government's submissions of August 10, 2020, April 15, 2021, and June 15, 2021 (Dkt. #74, 77, 85).