UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

EDWIN BROWN,

Defendant.

---

17 Cr. 710 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On January 23, 2023, the Court received Defendant's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 by mail. (Dkt. #88 (the "Petition")). Without passing on the merits of Defendant's Petition, the Court finds that the Petition should be dismissed without prejudice to its renewal in the proper forum: the United States District Court for the Southern District of Florida.

In the Petition, Defendant seeks relief in the form of a reduction of his term of supervised release through application of 365 days of earned good time under the First Step Act, 18 U.S.C. § 3632. (Petition 1). At the outset, the Court notes that a Section 2241 petition is an appropriate vehicle through which to challenge a term of supervised release. *See, e.g., Lopez* v. *Terrell*, 654 F.3d 176, 180 (2d Cir. 2011) ("That [petitioner] has been released from prison does not divest us of jurisdiction; he is still 'in custody' for purposes of 28 U.S.C. § 2241 because he remains subject to the conditions of his supervised release." (citing *Dixon* v. *Miller*, 293 F.3d 74, 78 (2d Cir. 2002))); *Levine* v. *Apker*, 455 F.3d 71, 77 (2d Cir. 2006) ("[T]his court may provide habeas relief 'as law and justice require,' which could include a reduction in the

petitioner's term of supervised release." (quoting *Sash* v. *Zenk*, 428 F.3d 132, 133 (2d Cir. 2005))); *Whalen* v. *Fed. Bureau of Prisons*, No. 09 Civ. 1572 (ENV), 2011 WL 2669112, at *2 (E.D.N.Y. June 30, 2011) (finding that a petition for habeas corpus is appropriate to challenge a term of supervised release because the "petitioner has not 'finished serving his sentence' because his liberty remains restricted by supervised release").

However, Section 2241 petitions must be filed in the district where the petitioner is confined. See *Rumsfeld* v. *Padilla*, 542 U.S. 426, 446-47 (2004) ("Whenever a [Section] 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *accord Adelanwu* v. *United States*, No. 11 Civ. 869 (BMC), 2011 WL 744528, at *1 (E.D.N.Y. Feb. 23, 2011); *Allen* v. *Holder*, No. 10 Civ. 2512 (GBD) (JLC), 2011 WL 70558, at *2 (S.D.N.Y. Jan. 4, 2011). This rule applies equally where a petitioner challenges a term of supervised release, and requires that the petitioner file the petition in the district in which he is supervised. *See, e.g., Sandy* v. *United States of America*, No. 21-1701, 2023 WL 1463386, at *1 (3d Cir. Feb. 2, 2023) (unpublished) ("As for the proper district, we agree with the Government that [petitioner's] [Section] 2241 petition must be adjudicated in the district where he will reside and serve his term of supervised release."); *Plaskett* v. *Cruz*, 282 F. Supp. 3d 912, 915 (D.S.C. 2017) ("In this instance, [p]etitioner's supervised release agent is the proper respondent to his [Section] 2241 petition in that she is the one who currently has custody over him.").

On August 24, 2022, this Court ordered that Defendant's supervision be transferred to the Southern District of Florida based on Defendant's residence in Coral Springs. (Dkt. #87). On this Court's review, the Southern District of Florida accepted jurisdiction, and this case was assigned to Judge Singhal in that district. *See* No. 22-TP-60039 (AHS). Accordingly, Defendant's Petition should be filed in the district in which he is serving his term of supervised release — the Southern District of Florida. Because Defendant made a good-faith mistake in filing the Petition in the Southern District of New York for consideration by the sentencing Court, the Court DENIES Defendant's Petition without prejudice to its renewal in the proper forum.

SO ORDERED.

Dated:   February 10, 2023
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge